**IACOMINI'S RESTAURANT, Inc., v. HOTEL & RESTAURANT EMPLOYEES & BARTENDERS LOCAL NO. 118, et al.**

Ohio Appeals, Ninth District, Summit County.

Decided November 23, 1949.

Stephen J. Wozniak, Claude P. Herman, Akron, for appellee and cross-appellant.

Don Isham, Akron, for appellants and cross-appellees.

**OPINION**

By HUNSICKER, J.

This appeal on questions of law arises on the appeal filed by the defendants (appellants), Hotel and Restaurant Employees and Bartenders Local No. 118, et al., herein called Union, and the cross-appeal filed by the plaintiff (appellee), Iacomini's Restaurant, Inc., herein called Restaurant.

The Restaurant employs a number of waitresses, bartenders and others in the operation of its business, none of whom are members of the Union. The Union, desiring to organize such employees, sought a contract with the Restaurant. The Restaurant refused to enter into such contract, whereupon the Union established a picket line in front of the business establishment of the Restaurant.

The Restaurant then filed an action in the Common Pleas Court of Summit County, Ohio, seeking to enjoin the Union from continuing such picket line, claiming violence, threats and coercion against its employees, patrons and suppliers of merchandise on the part of the pickets. The Restaurant

claimed also that no bona fide labor dispute existed between it and its employees which would justify the Union in maintaining pickets in front of its place of business.

The Union claimed a valid dispute did exist, and that no violence, threats or coercion had been engaged in by any of its pickets.

No bill of exceptions has been filed in this action and we therefore must assume that the trial court had before it sufficient evidence to justify its findings.

The trial court found: that the Union pickets had made some threats against patrons and employees of the Restaurant; that no "extreme violence to an extent to warrant an injunction against all picketing" occurred; that such violence as did occur would not take place if peaceful picketing were permitted; that picketing by the Union to secure its demands was lawful; and that a labor dispute sufficient to justify peaceful picketing did exist.

The trial court then ordered the type and nature of the picketing, and enjoined any conduct by the pickets that would threaten, coerce or interfere with the patrons, employees and persons doing business with the Restaurant.

The trial court further found that §6241-1 GC, "is null and void as being contrary to the provisions of the Constitution of the United States."

It is from such judgment and decree of the trial court that this appeal and cross-appeal are taken.

The subject of what constitutes a labor dispute and the attendant rights of the parties to such a dispute has engaged the attention of the courts of the United States and of the several states for many years. All courts have attempted to keep pace with the changes which have been made by legislative enactments in laws concerning organized labor.

A great development of the common law on this subject is found in the reports of cases from the United States Supreme Court during the last fifteen years. It is to these reports that we must look for the rights of the parties in the instant case.

This court, in the unreported Lorain County case (No. 1034) of Smith and Gerhart, Inc., v. Retail Clerks' International Protective Assn., Local No. 500, et al., decided December 21, 1942, said:

"The most recent pronouncements governing the right of the defendant union to picket plaintiff's place of business are contained in the following cases:

"Crosby v. Rath, et al., 136 O[hio] S[t.] 352 [25 N. E. 2d 934].

"Milk Wagon Drivers, etc., v. Meadowmoor Dairies, Inc., 312 U. S. 287 [61 S. Ct. 552, 85 L. Ed. 836].

"A. F. of L. v. Swing, 312 U. S. 321 [61 S. Ct. 568, 85 L. Ed. 855]."

This unreported case from this court adhered to the rule as laid down in the Meadowmoor Dairies case, supra, and the Swing case, supra. An injunction was ordered in that case, since the picketing engaged in was not "peaceful picketing" within the purview of the United States Supreme Court cases above cited.

The syllabus of the case of A. F. of L. v. Swing, 312 U. S. 321, 61 S. Ct. 568, 85 L. Ed. 855, says:

"The constitutional guaranty of freedom of discussion is infringed by a judicial policy of a state to forbid resort to peaceful persuasion through picketing where there is no immediate employer-employee dispute, as in the case of attempted unionization of a business employing non-members of the union."

Counsel for the Restaurant insist that the later pronouncements of the United States Supreme Court in the following cases modify the rule in the Meadowmoor Dairies case, supra, and the Swing case, supra, above cited: Lincoln Federal Labor Union, etc., v. Northwestern Iron & Metal Co., and Whitaker v. State of North Carolina, 335 U. S. 525, 69 S. Ct. 251, 93 L. Ed. 212. Giboney v. Empire Storage & Ice Co., 336 U. S. 490, 69 S. Ct. 684, 93 L. Ed. 834.

It is urged upon us that these above-cited more recent decisions of the Supreme Court of the United States, when read in conjunction with §6241-1 GC, required the trial court to enjoin all picketing in the case now before us.

With this view, we do not agree. These cases have no application to the specific problem that is before this court.

In the consideration of §6241-1 GC, it was not necessary for the trial court to consider its application under the decisions in the Lincoln Federal case, supra, or the later Giboney case, supra. Sec. 6241-1 GC, is a statute designed and enacted for the purpose of outlawing the so-called "yellow dog" contracts, and, as such, is not relevant to the instant case, nor is it the type of legislation discussed and approved in these more recent federal court cases cited above.

The trial court specifically found that §6241-1 GC, was "null and void as being contrary to the provisions of the Constitution of the United States."

We do not believe that it was necessary to consider such statute in coming to the conclusion that peaceful picketing was permissible, and hence we are not called upon to determine the constitutionality of such legislation, as did the trial court. We do not believe the statute applicable to the factual situation herein presented.

We therefore determine that, as to that part of the judgment which permits picketing as outlined by the trial court, the judgment is affirmed.

Judgment affirmed.

STEVENS, PJ, DOYLE, J, concur.