BEAN, APPELLANT, *v.* LOCAL UNION No. 698 ET AL., APPELLEES.

(No. 4368—Decided July 1, 1953.)

*Mr. Stanley Denlinger,* for appellant.
*Mr. Robert E. Shuff,* for appellees.

STEVENS, J. Plaintiff brought an action in the Court of Common Pleas as an individual and on behalf of all other employees of Bill and Frank's Food Market in Barberton, Ohio, wherein was sought an injunction against defendants from picketing plaintiff's employer's place of business.

The answer of defendants was in effect a general denial.

Trial to the court resulted in a judgment for defendants, from which judgment this appeal on questions of law has been perfected.

There are presented two assignments of error:

"1. The finding, judgment and order of the court are against the weight of the evidence and contrary thereto.

"2. The finding, judgment and order of the court are contrary to law."

This court heretofore, in the cases of *Smith and Gerhart, Inc.,* v. *Retail Clerks' Int. Protective Assn.* (unreported), No. 1034, Lórain county, and *Iacomini's Restaurant, Inc.,* v. *Hotel & Restaurant Employees &*

*Bartenders Local No. 118, et al.,* 63 Ohio Law Abs., 258, has taken the position that, because of the decisions of the Supreme Court of the United States in *Milk Wagon Drivers Union of Chicago, Local No. 753,* v. *Meadowmoor Dairies, Inc.,* 312 U. S., 287, 85 L. Ed., 836, 61 S. Ct., 552, 132 A. L. R., 1200, and *American Federation of Labor* v. *Swing,* 312 U. S., 321, 85 L. Ed., 855, 61 S. Ct., 568, where there was no dispute between the employer and his employees, nor between employer, or employees, and the union, still a labor dispute could be created between the employer and the union, under the claim of protection of the right of free speech, which gave the union the right to peacefully picket the employer's place of business.

It undoubtedly was under these decisions that the trial court reached the conclusion from which this appeal has been taken.

More recently, however, the Supreme Court of the United States appears to have experienced a change of mind on the question of the paramount sanctity of the constitutional guaranty of the right of free speech, so far as unions are concerned.

As expressed by the Supreme Court of Ohio in *W. E. Anderson Sons Co.* v. *Local Union No. 311,* 156 Ohio St., 541 (at p. 556), 104 N. E. (2d), 22:

"Suddenly, the view of the federal Supreme Court seemed to change to a recognition of rights in certain instances which would warrant an injunction against picketing or bannering notwithstanding the constitutional protection of free speech. On May 8, 1950, the Supreme Court decided three cases, *Building Service Employees Intl. Union, Local 262,* v. *Gazzam,* 339 U. S., 532, 94 L. Ed., 1045, 70 S. Ct., 784; *Hughes* v. *Superior Court,* 339 U. S., 460, 94 L. Ed., 985, 70 S. Ct., 718; *International Brotherhood of Teamsters Union, Local 309,* v. *Hanke,* 339 U. S., 470, 94 L. Ed., 995, 70 S. Ct., 773, which dealt with vital phases of this ques-

tion and which indicated a distinct departure from the view taken in the *Senn, Thornhill* and *Carlson cases.*"

The court then announced the following conclusion (at p. 561):

"Court decisions now seem to firmly establish the rule that picketing or bannering as a means of the exercise of the right of free speech will be afforded constitutional protection so long as it is lawfully conducted, but if it becomes unlawful then it falls within the category of a civil wrong and must be governed by the law of torts. In other words, the constitutional guaranty of the right of free speech is predicated upon the lawful exercise of such right and if, through conspiracy or unlawful conduct, the result of its exercise unlawfully injures another in his property rights, the guaranty ceases and the exercise of the claimed right by such means may be enjoined or prohibited."

In *Crosby* v. *Rath,* 136 Ohio St., 352, 25 N. E. (2d), 934, the court held that peaceful picketing or bannering for the purpose of bringing pressure upon an employer to compel his employees to join a union, is for an illegal purpose and will be enjoined.

The public policy of Ohio has been determined by the above pronouncements of the Supreme Court of Ohio, and such determination accords with the rule announced by the Supreme Court of the United States in *Hughes* v. *Superior Court,* 339 U. S., 460, 94 L. Ed., 985, headnote 10, 70 S. Ct., 718, and *International Brotherhood, etc.,* v. *Hanke,* 339 U. S., 470, 94 L. Ed., 995, headnote 5, 70 S. Ct., 773, 13 A. L. R. (2d), 631.

The above decisions make it necessary to overrule and abandon the position previously taken by this court in the *Smith and Gerhart* and *Iacomini cases, supra.*

The sole question for determination here is this: May a union, in the absence of a dispute between employer and employees, or between the union and the

employer or employees, engage in peaceful picketing for the purpose of bringing pressure to bear upon the employer to require his employees to join the union? In other words, may peaceful picketing for organizational purposes of the union be lawfully conducted?

We think the question stated has been completely answered in the negative by the decision in *Crosby* v. *Rath, supra.*

It is therefore the conclusion of this court that the trial court prejudicially erred when it dismissed plaintiff's petition, and denied the relief sought therein.

The judgment is reversed as contrary to law, and, there being no dispute in the evidence, this court will enter the judgment which the trial court should have entered.

An injunction as prayed for in the petition may issue.

*Judgment for appellant.*

DOYLE, P. J., and HUNSICKER, J., concur.